FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 09 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-01515-BNB

ALBERT PETER GRENIER,

     Plaintiff,

v.

CLERK OF THE COURT,
THE PEOPLE OF THE STATE OF COLORADO, and
ARAPAHOE COUNTY DISTRICT COURT (Case No. 98CR1850),

     Respondents.

_____

ORDER OF DISMISSAL
_____

     Plaintiff, Albert Peter Grenier, is a prisoner in the custody of the Colorado

Department of Corrections who currently is incarcerated at the Arkansas Valley

Correctional Facility in Crowley, Colorado.  Mr. Grenier filed *pro se* a Prisoner

Complaint challenging the validity of his conviction in Arapahoe County, Colorado,

district court case number 98CR1850.  He seeks the reversal of his conviction, and his

release from incarceration.  Mr. Grenier has been granted leave to proceed pursuant to

the federal *in forma pauperis* statute, 28 U.S.C. § 1915.

     The Court must construe liberally Mr. Grenier's filings because he is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall

v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be

an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  The complaint will be

dismissed for the reasons stated below.

The Court has drawn from previous dismissal orders in Mr. Grenier's cases for the factual summary and legal analysis below. "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), abrogated on other grounds by *McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

Mr. Grenier was convicted by a jury in Arapahoe County District Court Case No. 98CR1850 on charges of first-degree premeditated murder and abuse of a corpse. The trial court sentenced him to life imprisonment.

On March 6, 2008, the Colorado Court of Appeals affirmed his convictions and sentence on direct appeal. *See People v. Grenier*, No. 00CA1992 (Colo. Ct. App. Mar. 6, 2008) (not published). On February 17, 2009, the Colorado Supreme Court denied certiorari review. Mr. Grenier did not file any postconviction motions in state court.

On October 30, 2009, Mr. Grenier filed a 28 U.S.C. § 2254 habeas corpus application challenging his conviction in No. 98CR1850 and asserting three claims that:

> (1) . . . he was entitled to immunity from prosecution under Colorado's "Make My Day" law, Colo. Rev. Stat. § 18-1-704.5, as there was evidence the victim entered his motel room unlawfully and he was acting in self-defense; (2) . . . the original tape recording of his confession was lost and the copy used at pretrial hearings and at trial was altered by the prosecution[ ]; and (3) . . . the toxicology report of the victim would have shown that he acted in self-defense.

2

*Grenier v. Hartley*, No. 09-cv-02553-ZLW, slip. op. at 2 (D. Colo. Dec. 17, 2009).

Mr. Grenier failed to raise any of these claims as a federal constitutional claim in the state courts. Therefore, this Court concluded they were unexhausted and he no longer had an adequate and effective remedy available because he was procedurally barred from raising them. The Court also determined that he failed to demonstrate cause and prejudice or a fundamental miscarriage of justice to excuse his default. The Court denied the habeas corpus application and dismissed the action. Mr. Grenier appealed. The United States Court of Appeals for the Tenth Circuit (Tenth Circuit) dismissed the appeal for failure to prosecute. *See Grenier v. Hartley*, No. 10-1093 (10th Cir. Apr. 26, 2010).

On April 20, 2010, Mr. Grenier initiated a civil rights action pursuant to 42 U.S.C. § 1983. *See Grenier v. Clerk of the Court*, No. 10-cv-00874-ZLW (D. Colo. July 23, 2010). In his complaint, Mr. Grenier again challenged his conviction in No. 98CR1850, and asked the Court to vacate his life sentence. Specifically, Mr. Grenier alleged that the state trial court erred by (1) denying him the opportunity to present a defense and cross-examine witnesses at trial, (2) denying his request for an instruction on his right to use self defense, and (3) failing to suppress an involuntary custodial statement. *See id.* at ECF No. 2 at 4-6. On June 10, 2010, Magistrate Judge Boland concluded the complaint did not meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure because Mr. Grenier failed to assert claims appropriate in a civil rights action. *See id.* at ECF No. 12. The Court explained that claims challenging the validity of a conviction must be

brought by a habeas corpus action and that Mr. Grenier's previous habeas corpus application, No. 09-cv-02553-ZLW, had been denied by the Court and dismissed on appeal for failure to prosecute. *See id.* at 2. The Court ordered Mr. Grenier to file a second amended complaint asserting claims and relief appropriate for a § 1983 civil rights action. *See id.* at 4.

On June 25, 2010, Mr. Grenier filed a second amended complaint again challenging his underlying conviction. *See id.* at ECF No. 13. On July 23, 2010, the Court dismissed the action without prejudice pursuant to Fed. R. Civ. P. 41(b) because Mr. Grenier failed to comply with the Court's June 10 order. *See id.* at ECF No. 15. Mr. Grenier appealed to the Tenth Circuit, which determined that this Court was "unassailably correct that Mr. Grenier's claims sound in habeas as a challenge to his conviction, not a § 1983 civil rights action." *See Grenier v. Clerk of the Court*, No. 10-1383 (10th Cir. Nov. 5, 2010). The Tenth Circuit concluded that the appeal was frivolous, denied Mr. Grenier leave to proceed *in forma pauperis* on appeal, dismissed the appeal, directed Mr. Grenier to make full and immediate payment of any outstanding balance of the appellate filing fee, and assessed a strike pursuant to 28 U.S.C. § 1915(g) against him for the appeal.

On December 30, 2010, Mr. Grenier filed a second habeas corpus action attacking his conviction in No. 98CR1850. In the second § 2254 habeas corpus application, he claimed:

> 1. the trial court erred in finding that his confession was voluntary, not coerced;

4

        2.     the limiting instruction concerning his sanity failed to cure faulty legal instructions and violated his privilege against self-incrimination; and

        3.     the trial court's erroneous interpretation of Colo. Rev. Stat. § 16-8-107(1)(a) concerning evidence acquired from a court-ordered examination permitted the jury to consider his examination statements and, thus, denied him an instruction on his right to use deadly force against an intruder in self-defense under the "Make My Day" law, Colo. Rev. Stat. § 18-1-704.5.

*Grenier v. Hartley*, No. 10-cv-02926-ZLW, slip op. at 3 (D. Colo. Jan. 26, 2011).

The Court concluded that the new claims, unlike the original habeas corpus claims, were exhausted in the state courts. However, since Mr. Grenier had not obtained authorization for a second or successive habeas corpus application, the Court considered whether to dismiss the application or transfer the matter to the Tenth Circuit pursuant to 28 U.S. C. § 1631. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). Following the factors laid out in *Cline*, the Court determined:

        Mr. Grenier's claims in the instant action are not based on either a new rule of constitutional law or newly discovered evidence as required pursuant to 28 U.S.C. § 2244(b)(2). Instead, Mr. Grenier appears to be trying to raise claims he exhausted in the state courts but failed to raise in his prior habeas corpus application in No. 09-cv-02553-ZLW. Therefore, the claims do not appear to have been filed in this Court in good faith. It also was clear when this action was filed that the Court lacked jurisdiction over Mr. Grenier' s claims challenging the validity of his conviction in No. 98CR1850. As a result, the Court finds that a transfer of the instant action to the Tenth Circuit is not in the interest of justice. Instead, the action will be dismissed for lack of jurisdiction.

*Id.* at 5.

Mr. Grenier appealed, but the Tenth Circuit denied his application for a certificate of appealability and his motion for leave to proceed *in forma pauperis* on appeal, and ordered him to pay the appellate filing and docket fees in full. *See Grenier v. Hartley*, No. 11-1059 (10th Cir. Mar. 28, 2011).

Through the instant § 1983 action, Mr. Grenier persists in challenging the same state court conviction he previously challenged in this Court and in the Tenth Circuit. Because Mr. Grenier cannot resort to § 1983 to challenge the validity of his conviction and sentence, his § 1983 complaint is really an unauthorized successive application for relief under § 2254.

Pursuant to 28 U.S.C. §§ 2244(b)(3)(A), 2255(h), Mr. Grenier must apply to the Tenth Circuit for an order authorizing this Court to consider a second or successive habeas corpus application. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id.* at 1251. A state prisoner seeking authorization to file a second or successive petition for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear

6

and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. Grenier does not allege that he has obtained the necessary authorization from the Tenth Circuit to file a second or successive § 2254 application. Assuming that he has not obtained such an authorization, the Court either must dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be considered in deciding whether a transfer is in the interest of justice include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id*. at 1251. A transfer is not in the interest of justice when the claims being raised in the second or successive application do not meet the statutory requirements set forth in § 2244(b)(2). *See id.* at 1252.

Mr. Grenier's claims in the instant action, which are not based on either a new rule of constitutional law made retroactively applicable to cases on collateral review or newly discovered facts, do not meet the requirements in § 2244(b)(2). *See* 28 U.S.C. § 2255(h). It also was clear when this action was filed that the Court lacked jurisdiction over Mr. Grenier's claims because they again attack his conviction and sentence. As a result, the Court finds that a transfer of the instant action to the

7

Tenth Circuit is not in the interest of justice.  Instead, the action will be dismissed for lack of jurisdiction.

Accordingly, it is

ORDERED that the complaint pursuant to 42 U.S.C. § 1983, which the Court has treated as an unauthorized successive application for relief under 28 U.S.C. § 2254, and the action are dismissed for lack of jurisdiction.  It is

FURTHER ORDERED that, although no certificate of  appealability appears to be necessary, to the extent that it may be, it is denied because Plaintiff, Albert Peter Grenier, has not made a substantial showing of the denial of a constitutional right.  It is

**FURTHER ORDERED that Plaintiff remains obligated to pay the full amount of the required filing fee assessed and owed in this action, if such fee is not yet paid in full.   If Plaintiff fails to stay current with his payment obligations in this action, the Court may apply all or part of the filing fee payments tendered in any action Plaintiff initiates subsequent to initiating this action to satisfy the filing fee debt owed here or in any other action Plaintiff already has initiated.**

DATED at Denver, Colorado, this __9th__ day of __August_____, 2011.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No.   11-cv-01515-BNB

Albert Peter Grenier
Prisoner No. 107040
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on January 26, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk